Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARLA MURPHY,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**KILILO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,**<br><br>       **Defendant.** | Civil Action No. 20-4369 (JMV)<br><br>OPINION & ORDER |

**VAZQUEZ, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Carla Murphy's appeal of the decision of Administrative Law Judge Ricardy Damille (the "ALJ") denying Plaintiff's application for disability insurance benefits ("DIB") benefits under Title II the Social Security Act (the "Act"), 42 U.S.C. §§ 1381 *et. seq*. The Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g). The Court reviewed the administrative record, D.E. 7 ("R."); Plaintiff's Brief, D.E. 24 (also filed at D.E. 25) ("Br."); Defendant's Opposition, D.E. 29 ("Opp."); and Plaintiff's Reply Brief, D.E. 30 ("Reply"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Because the Court writes primarily for the benefit of the parties, only the essential facts are recounted here. On July 17, 2016, Plaintiff filed an application for DIB. The claim was denied initially and on reconsideration, and Plaintiff requested a hearing. Although advised of her right to representation, Plaintiff represented herself at the October 5, 2018 hearing, during which a vocational expert testified.

Importantly, Plaintiff alleged a disability onset date of September 30, 2013. R. at 15. Her date of last insured, however, was also September 30, 2013. *Id.* at 16. Although Plaintiff had some earnings in 2013 (as well as in 2014, 2015, 2016, and 2017), the ALJ found that she had not engaged in substantial gainful activity during the relevant time period. *Id.* at 18. The ALJ found that Plaintiff had several medically determinable impairments, including bilateral hip bursitis, degenerative disc disease of the lumbar spine, carpal tunnel syndrome, depression, and anxiety. *Id.* As to Plaintiff's activities, the ALJ noted that she reported that she could see to her personal hygiene, prepare simple meals, perform household chores, visit with family and friends, shop, handle finances, operate a motor vehicle, attend support groups and Bible study, and travel to Israel. *Id.* at 19-20. The ALJ found that, in general, Plaintiff's treatment for her impairments was minimal, routine, and conservative. *Id.* at 20. The ALJ further noted serious gaps in treatment and failure to follow recommendations. *Id.* at 20-21. As to Plaintiff's sinus bradycardia, the ALJ determined that it occurred outside of the relevant period and/or did not present signs or symptoms expected to last at least twelve months. *Id.* at 21. The ALJ gave great weight to the medical opinions of the State Agency physicians, who addressed functional abilities and psychiatric impairments. *Id.* at 22. As to treating physicians, the ALJ gave their opinions little weight because they did not address the relevant timeframe, were based on one-time meetings or reflected substantial gaps in treatment, were not supported by their own medical evidence, and/or were vague and conclusory (in that the opinions were not expressed in vocationally relevant terms). *Id.* at 22-24. The ALJ determined that Plaintiff was not disabled during the relevant timeframe. *Id.* at 25.

Plaintiff filed the instant appeal on April 16, 2020. D.E. 1. In conclusory fashion, Plaintiff asserted that the ALJ's decision was not supported by substantial evidence and listed the names

and address of numerous health care providers. *Id.* Plaintiff, however, did not file a timely brief. As a result, the Court entered a call for dismissal. D.E. 8. Thereafter, Plaintiff filed two letters on the docket, D.E. 9, 10, neither of which could reasonably be construed as a brief. As a result, on March 15, 2021, the Court entered an order requiring Plaintiff to file her brief—with legal citations and citations to the administrative record—no later than April 15, 2021. D.E. 11.

Plaintiff did not comply with the order, and instead submitted additional letters. D.E. 13-21. Because Plaintiff was proceeding *pro se*, the Court decided not to close the matter and instead extended Plaintiff's time to file a brief to August 9, 2021. D.E. 22. Without leave of Court, Plaintiff filed an Amended Complaint, D.E. 23, along with her brief, D.E. 24, 25. The Commissioner requested that the Court dismiss the action because the Amended Complaint was not filed in accordance with Federal Rule of Civil Procedure 15. D.E. 26. While the Commissioner's position was accurate, the Court nevertheless ordered the Commissioner to file a substantive opposition to Plaintiff's brief because she was proceeding *pro se*. D.E. 27.

## II.  LEGAL STANDARD

### A.  Standard of Review

The Court applies plenary review of the ALJ's application of the law and reviews factual findings for "substantial evidence." *See* 42 U.S.C. § 405(g); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such error is

harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings of fact that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Where evidence in the record is susceptible to more than one rational interpretation, [the Court] must accept the Commissioner's conclusions." *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 283 (3d Cir. 2006). Thus, the Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Regarding the ALJ's assessment of the record, the Third Circuit has stated that "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The Third Circuit has noted, however, that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

### B. Determining Social Security Benefits

To qualify for DIB, a claimant must establish that she is "disabled." 42 U.S.C. § 1381. "Under the Social Security Act, a disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents [her] from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Halter,* 247 F.3d 34, 38–39 (3d Cir.2001) (internal citations and quotations omitted). A claimant is disabled

only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]"  42 U.S.C. § 423(d)(2)(A).  A physical or mental impairment is an "impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42. U.S.C. § 423(d)(3).

The Secretary of Health and Human Services has established a five-step sequential evaluation process to determine whether a plaintiff is disabled.  *See* 20 C.F.R. § 416.920.  If the determination at a particular step is dispositive of whether a claimant is or is not disabled, the inquiry ends.  20 C.F.R. § 416.920(a)(4).  The burden rests on the plaintiff to prove steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At step five, the burden shifts to the government.  *Id.*

At step one, a claimant must demonstrate that she has not engaged in any substantial gainful activity since the onset date of her disability.  20 C.F.R. §§ 404.1520(a)(4)(i) & 416.920(a)(4)(i).  Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit.  20 C.F.R. §§ 404.1572(a) & 416.972(a), (b).  If an individual engages in substantial gainful activity, she is not disabled under the regulation regardless of the severity of her impairment or other factors such as age, education, and work experience.  20 C.F.R. §§ 404.1520(b) & 416.920(b).  If the claimant demonstrates that she has not engaged in substantial gainful activity, the analysis proceeds to step two.

At step two, a claimant must demonstrate that her medically determinable impairment or the combination of her impairments is "severe."  20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(4)(ii).  A "severe" impairment significantly limits a claimant's physical or mental

ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). An impairment or combination of impairments do not satisfy this threshold if medical and other evidence only establishes slight abnormalities which have no more than a minimal effect on an individual's ability to work. *See Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).

At step three, the ALJ must assess the medical evidence and determine whether the claimant's severe impairment(s) (alone or in combination) meet or equal an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. § 404, Subpart P, Appendix 1 ("Listing"). *See* 20 C.F.R. §§ 404.1520(a)(4)(iii) & 416.920(a)(4)(iii).

If a plaintiff is not found to be disabled at step three, the analysis continues to step four. Before reaching step four, the ALJ must first determine a claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a plaintiff can do despite her limitations; all relevant evidence is considered. 20 C.F.R. § 416.945(a). At step four, the ALJ determines whether the claimant's RFC permits her to perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). If the claimant lacks the RFC to perform any work she had done in the past, the analysis proceeds.

In the final step, the burden shifts to the Commissioner to produce evidence demonstrating that there is a significant amount of other work in the national economy that the claimant can perform based on her age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520(a)(4)(v) & 416.920(a)(4)(v).

### III.  DISCUSSION

In her preliminary statement, Plaintiff indicates that an internist recently opined that she is disabled, that she has never held a job for more than nine months because of sinus bradycardia, that she has filed for workers' compensation, that she has not gained in substantial gainful activity

since the onset date, and that she has a history of emotional illness. Br. at 1-5. Plaintiff then makes six legal arguments, which consist solely of point headings: (1) she has sinus bradycardia, (2) she earned less than the annual wage limitation, (3) she has PTSD and anxiety, (4) she cites to the "Evaluation of disability adults, in general," (5) she cites a reference to considering a plaintiff's vocational background, and (6) she cites a reference to employee benefits. *Id.* at 4-7.

In opposition, the Commissioner argues that (1) Plaintiff has waived her arguments on appeal because her point headings are wholly insufficient, (2) Plaintiff has not shown that she is entitled to DBI, and (3) the ALJ's decision was supported by substantial evidence. Opp. at 9. In reply, Plaintiff states that a physician found her to be disabled in 2021. Reply at 2.

The Court finds that Plaintiff has sufficiently raised her arguments on appeal. However, the Court agrees with the Commissioner that Plaintiff has fallen well short of her burden, that is, to show that she is disabled or that the ALJ committed reversible error. As the Commissioner correctly notes, Plaintiff's arguments are merely point headings without any discussion, much less a substantive discussion. Plaintiff fails to cite to the record or to legal authority. In addition, several of the points merely reflect evaluation considerations, seemingly untethered to the facts of this case. As to Plaintiff's arguments concerning her mental health and sinus bradycardia, the ALJ addressed both, and his decision is supported by substantial evidence. As to 2021 medical information referenced by Plaintiff, the information is not part of the record and, in any event, long after the date of last insured. Finally, Plaintiff raises her lack of substantial gainful activity, but the ALJ founds that she had not engaged in any such activity at his Step Two analysis.

## IV.   CONCLUSION

For the reasons stated on the record, and for good cause shown,

It is on this 4th day of January 2022 hereby

**ORDERED** that the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Order & Opinion to Plaintiff by regular mail and by certified mail return receipt; and it is further

**ORDERED** that Clerk's Office shall close this matter.

_____
John Michael Vazquez, U.S.D.J.